COMMONWEALTH *vs.* MRS. PATRICK WHALEN.

A wife who, in pursuance of a contract made by her husband for the illegal sale of intoxi-
cating liquors, delivers the same to the purchaser in his absence, may be punished for it
under *St.* 1855, *c.* 215, § 17.

Upon the return into court of a jury which had been charged with an indictment on *St.*
1855, *c.* 215, for the unlawful sale of intoxicating liquors, the foreman informed the court
that there was no prospect of an agreement, and that there was but one juror who refused
to agree, and asked the court whether a juror had a right to set aside the provisions of
the statute against the sale of ale because the city government had permitted persons to
sell it.   The court instructed the jury that they could not disregard any of the provis-
ions of the statute, which made illegal not only the sale of ardent spirits but also of ale;
that both the rights of the defendant and the interest of the public required that these
cases should be terminated; and that, while no juror should render a verdict against his
convictions, it was a fact for any dissenting juror's consideration that the rest of the
panel differed from him.   *Held*, that the defendant had no ground of exception.

INDICTMENT against " Mrs. Patrick Whalen " as a common
seller of intoxicating liquors.   Trial and conviction in the

Commonwealth *v.* Whalen.

superior court before *Vose,* J., who signed this bill of exceptions :

" The same questions are reserved in this case as are set forth in the bill of exceptions in the case against Patrick Whalen.

" To prove a sale of intoxicating liquor, a witness for the Commonwealth testified that he had several times drank liquor in the room described, which was delivered to him by Mrs. Whalen, but he had never paid her for it ; that he got it in pursuance of an arrangement or understanding between the witness and Patrick Whalen, the defendant's husband, that the witness might obtain liquor whenever he might want it, and they would settle at a subsequent time; and that he told the defendant he would make it right with her.

" The defendant's counsel contended that this tended to prove a sale by the husband and not by the wife, and that if she only delivered the liquor in execution of the contract of the husband, she was not liable. But the court instructed the jury that if they believed that the liquor was in fact delivered by the wife, and that it was the intention or understanding of the parties at the time of delivery that the witness should pay either Whalen or his wife, in pursuance of the foregoing arrangement with the husband, although the agreement for sale was made with the husband alone, she would be liable under the statute, as the agent of the husband.

" There was evidence from some of the witnesses of sales at different times of what the witnesses called beer or ale ; but none of the witnesses could say whether it was in fact ale, strong beer or small beer.

" After the jury had been out several hours, they came into court, and in reply to an inquiry by the court, the foreman said there was no prospect of an agreement; that there was but one juror who refused to agree ; and the foreman asked the court whether a juror had a right to set aside the provisions of the statute against the sale of ale because the city government had permitted persons to sell it.

" The court instructed the jury that they could not disregard any of the provisions of the law which made illegal not only the

sale of ardent spirits, but also of ale, strong beer, lager beer, cider and wine.

"The court further instructed the jury that it was very desirable that these cases should be terminated; that both the rights of the defendant and the public interest required it; and that, while no juror should render a verdict against his convictions, it was a fact for any dissenting juror's consideration that the rest of the panel differed from him.

"To the foregoing rulings and instructions the defendant excepts."

*G. Ashmun & E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. The defendant, who is the wife of Patrick Whalen, is indicted by a somewhat novel mode of designation; but as she has made no objection to it, we have no occasion to consider its propriety.

The exceptions taken by her, which were similar to those taken on the trial of the indictment against her husband, have been settled by the decision in *Commonwealth* v. *Whalen, ante,* 23.

The first exception peculiar to this case is, that she could not be found guilty of selling intoxicating liquor, upon proof of a delivery by her, in pursuance of a contract of sale made by her husband. But a delivery is an essential part of a sale; and if, as the instruction of the court assumed, the jury were satisfied that she acted as the agent of her husband in what she knew to be an illegal sale, by making the delivery of the thing sold in his absence, this constituted a sufficient participation in the misdemeanor to render her responsible for it under the statute. *St.* 1855, *c.* 215, § 17. *Commonwealth* v. *Murphy,* 2 Gray, 510.

The remarks made by the presiding judge to the jury were unobjectionable. It was certainly proper for the court to instruct the jury that they were not at liberty to disregard any provision of law applicable to the case before them. Nor is it a questionable proposition that it is important to defendants and to the community that public prosecutions should be terminated. *Interest reipublicæ ut sit finis litium.* The defendant

would not contend that any juror should find a verdict against his own convictions; and where twelve men are to agree upon a verdict if they can, the fact that one of them does not agree with the rest, and that the others differ from him, is a fact which he can hardly fail to consider, if unanimity is to be obtained by conferring together, and not by the separate assertion of the original opinion of each, without reference to the views of the rest. *Commonwealth* v. *Tuey,* 8 Cush. 1.

But the objection which has been pressed upon our attention in the argument is not chiefly an objection to the doctrines stated by the presiding judge at the trial, as abstract propositions. The defendant contends that she was deprived of a fair trial, by an independent jury, because, under the circumstances which occurred at the trial, the conversation between the court and the jury must have had an undue influence upon one of the panel. If this appeared to be so, it would have been a good ground for a motion for a new trial. But we do not think that we can reasonably come to any such conclusion. If the same remarks had been made in the original charge to the jury, they would have been not only lawful, but highly appropriate. And although we think it was not expedient for the jury to make any communication to the court as to the opinion of a particular juror, or to intimate how they were divided in opinion, yet we do not see that, in this case, the statements were not made with the consent of all the jurors, or that there was any such misconduct of the jury as required the case to be taken from them without a verdict. No motion or application was made to the court to discharge the jury, or to give any further direction to them than was given. The rulings and instructions to which exceptions were taken were correct in matter of law, and we cannot perceive that injustice has been done to the defendant.

*Exceptions overruled.*